and I am proceeding for a say as the appellant in this case. I would like to have, I guess the timing has been scheduled already, I'm not sure, I believe I'm getting two minutes initially. Two minutes for rebuttal? Yeah. Go on. There is only one question on appeal here before the court and it flows from the only basis given by the district court for dismissal of the habeas petition below. The question for review simply is where the allegations in the petition are taken as true, do they properly allege that I am in custody for federal habeas corpus purposes? I respectfully proffer that they do in this case. The standards and precedent established by this court and by the Supreme Court as to being in custody are clearly met where a petitioner's physical It seems to me you can do anything you want except approach this child. Yes, but the proximity of the child is not known. The child can actually be anywhere within the small confines of the community. Well, if you wandered into the child, then you would have to wander away. But other than that, you have freedom to do anything you want. How could you be in custody? Because since I do not know the whereabouts of where the child is throughout the day and the community is rather small as well as events that are common to the community, there's no way that I can foresee and avoid the child. I don't think you're violating the protective order and of course I'm not making a legal judgment if you wandered into a place where this child was and then you immediately left. Right, well that alone would be a violation. That doesn't count for the inadvertent possibilities of these happening. I am preempted pretty much from going to events that are given by the municipality, like Christmas events, by Thanksgiving events, any number of events that are put on for the whole community, I can't go to because of the very real possibility that my child would be there. You reserved three minutes for rebuttal, therefore your time is now up. You want to use some of those three minutes? Yes, I wanted to finish this, I do. Okay. Okay. I clearly meant where the petitioner's physical liberties are to freely come and as he pleases, are restrained by the state and where such restraints are not shared by the public generally. And that's certainly in this case. In this case, the petition unambiguously alleges numerous ongoing constraints upon my physical liberties in my community as well as severely infringing upon my ability to freely work and enjoy peaceable recreation there. I am similarly constrained in my ability to conduct business, maintain my reputation in the community, and participate in local civic life. As elaborated in the appellate brief, which needs, this point needs to be emphasized, the merits of the petition are not on appeal, have not been litigated or entertained by the court below. And I would oppose respondents' continued efforts to litigate the merits here for the first time on appeal as they are neither right nor appropriate in this forum and should not be entertained here. All right. Thank you. You still have two minutes left. Thank you. You did very well in time. We'll hear from the Attorney General of the State of New York. Good morning, Your Honors. My name is Lisa Fleischman and I represent Mr. Schneiderman. May it please the Court. This Court's holdings in Nowakowski and Vega make clear that a person who was court-ordered to avoid another person is not in custody for habeas corpus purposes. We recognize that Mr. Treisman wants relief arising from State custody proceedings, but a federal habeas corpus court doesn't have the jurisdiction to grant that sort of relief. In the Nowakowski and the Vega cases, this Court set forth a two-pronged standard to permit evaluation of the severity of the restraints on a person in determining whether one is in custody. The first question is whether the restraint requires a person to appear somewhere on a certain date at a certain time, like a court appearance or to a reporting agency. And the second is whether there are future adverse consequences. The situation here does not rise to either level. First of all, the petitioner does not have to go to court with respect to this order of protection, doesn't have to report anywhere. He simply has to be where his daughter isn't, to use the words that this Court used in the Vega decision. And he can do so. There may be logistic issues with that, but his need to be where his daughter isn't does not rise to the level of needing to go to report to court, to go someplace, to be somewhere at a certain date or time. And that is true. You heard him argue just a moment or two ago that it limits his ability to go to certain community events, like Christmas events and other things. Would you speak to that? Yes, those are the logistical issues that the petitioner does have to deal with and does have to navigate those situations. And certainly they're not easy ones, but they don't rise to the level of having to be somewhere. The order doesn't force him or require him to be someplace. So his need to avoid where his daughter is doesn't rise to the level of custody in that regard. And further, the order of protection does not create a future adverse consequence. As this Court said in Vega, the possibility of a future adverse consequence is not enough. And here, to violate the order, the petitioner would have to act in an intentional way. He would have to intentionally seek out contact with his daughter. I'm using my hypothetical of a moment ago. If he wandered into someplace and the child was there, that would not be a violation of the order as long as he left. Correct. Correct. Under the penal law, criminal contempt, it does require an intentional contact. Willful contact. Correct, Your Honors. The Vega decision is not only on force here. The situation here calls even more so for a finding of no custody. The petitioner says that I have litigated the merits in my brief. What I have mentioned is what the district court relied on as well. A series of cases, starting with Layman v. Lycoming County, that talks about custody in the domestic relations arena. And Layman and other district courts, such as Gottlieb, they're cited on pages 26 and 27 of my brief, didn't go to the merits of the habeas claims by the petitioning parents who are seeking habeas relief arising from state custody proceedings. What Layman and these other courts do is they consider the fact of the matter that the claim arises from a custody dispute, a domestic relations dispute, and that is something that's beyond a federal habeas court's jurisdiction. So that factor, and in those cases, the courts determined the custody issue and noted the domestic relations aspect, but they determined custody, and that's what's before this court. And the courts found that the parents who claimed to be in custody, as well as the parents who claimed that their children were in custody because they were in, say, foster care or something like that, those claims did not lie for federal habeas relief. Thank you. Thank you. Mr. Treatsmith? Yes, thank you. What relief are you asking for from us? I could not. What relief are you asking for from us? At this point. With the protective order, as you know. No, at this point, I would just want a remand down to the district court to entertain the merits of my petition. To what? To entertain the merits of the habeas corpus petition. Oh. Because the only grounds that was dismissed upon was this one particular ground. Respondents' proposed principle of only being compelled to be somewhere at some time, that is what constitutes the in-custody constraint, is erroneous and, I believe, artificially limited in scope. In Poudry and other cited cases that show that being prohibited from places or inchoate constraints are also considered to be in custody. The standard established is being subject to restraints not shared by the public generally, as in Hensley v. Municipal Court, to come and go as a person pleases, and that would also include being barred from places by the state. So I believe that would also come under the same heading of being in custody, since one's ability to come and go as one pleases is being constrained. Also, furthermore, whether it was intentional or not, I'm still subject to immediate arrest on somebody's whim. If I am in the mere proximity, even if I'm unaware of being in proximity of my child, I could be arrested just immediately. And you heard opposing counsel say that you couldn't be arrested if you were unaware, that it has to be intentional. No, I could not, may not be convicted if eventually it is proven that it was unintentional, but I could absolutely be arrested just for, because of the probable cause. I'm there. My child is there. There's enough evidence to show that I can be arrested for that. It's irrespective of a final decision on whether the intent can be proven. Such a risk of simply being arrested and even temporarily incarcerated for that constrains my very ability to go and come as I please as well. Thank you. Your time is up. Okay. Thank you very much.